UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

TIMOTHY CHOWANIEC,

        Defendant.

1:21-CR-00019 – JLS-MJR

DECISION AND ORDER

---

This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr. pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 14). Before the Court are omnibus pre-trial motions by defendant Timothy Chowaniec ("defendant"). (Dkt. No. 25). The Government also filed a cross-motion for discovery. (Dkt. No. 28). The Court's decisions as to the various non-dispositive motions and discovery demands are set forth in detail below.

## BACKGROUND

On February 10, 2021, a federal grand jury returned an Indictment charging defendant with: (1) possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); (2) two counts of possession with intent to distribute 5 grams of more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); (3) attempted possession with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846; and (4) maintaining a drug-involved premises at 121 Wildwood Place, West Seneca, New York, in violation of Title 21, United

States Code, Section 856(a)(1). (Dkt. No. 12). The Indictment also makes a forfeiture allegation for the sum of $6,200 in United States currency pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p). (*Id.*).

Defendant has filed omnibus pre-trial motions seeking, *inter alia*, a bill of particulars, disclosure of grand jury transcripts, compelled disclosure of *Brady/Giglio* material, as well as additional discovery demands. (Dkt. No. 25). The Government filed a response to defendant's motions and made a cross-motion for reciprocal discovery. (Dkt. No. 28). The Court heard oral argument on the motions on September 28, 2021 and considered the matter submitted. The Court's decisions as to defendant's omnibus motions are set forth in detail below.

## DISCUSSION

### 1. Grand Jury Transcripts

Defendant requests production of grand jury transcripts, minutes, and exhibits on the basis that Count 4 of the Indictment (attempted possession with intent to distribute 50 grams or more of methamphetamine) is a "bare bones" charge and he does not know what evidence will be used or what witnesses will be called against him. (Dkt. No. 25, ¶¶ 4-5). The Government opposes this request and argues that the defendant has not overcome the presumption of regularity in grand jury proceedings. The burden is on the defense to show that "a particularized need" exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra*, 414 U.S. 338, 345 (1974). A defendant is not entitled to inspect grand jury minutes and

evidence without producing "concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendant has not made any such allegations here. Therefore, to the extent that defendant requests grand jury material that is not also 3500, *Brady* or *Giglio* material, the motion is denied.

2.  <u>Bill of Particulars</u>

Defendant moves for a bill of particulars. (Dkt. No. 25, ¶¶ 6-8). He seeks particularization as to, *inter alia*, all unindicted co-conspirators; the specific dates, times, and places that he acted in violation of the law; details relative to any confidential sources used; and specifics as to Count 4 of the Indictment. (*Id.*).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are sufficiently clear. The charges are neither complex nor difficult to understand. They allege that defendant possessed, and attempted to possess, with intent to distribute specific quantities of methamphetamine. The Indictment further specifies the dates or date ranges upon which defendant is alleged to have possessed or attempted to possess such narcotics. It also alleges that defendant used and maintained premises at 121 Wildwood Place in West Seneca, New York for manufacturing, distributing, and using methamphetamine. Further, the Government submits that it has already provided considerable information to the defendant in addition to the charges of the Indictment through voluntary discovery and information contained in the criminal complaint filed prior to the Indictment.[1] The Government objects that defendant has not offered any specific facts or reasons to justify a finding that further particularization is necessary.

Defendant is not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendant to identify the charges against him, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendant's request for a bill of particulars is denied.

3. *Rule 16 Discovery and Rule 12 Notice*

Defendant moves for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. No. 25, ¶¶ 9-20). Rule 16(a) requires the Government

---

[1] With respect to Count 4 of the Indictment, defendant seeks particularization of how he knowingly and intentionally attempted to possess a seized package containing methamphetamine. Defendant submitted that he had not received discovery relevant to this charge. The Government responded that, on February 18, 2021, it turned over laboratory reports and a postal warrant to defendant's prior counsel. The Government confirmed it would provide duplicate copies of such discovery directly to defense counsel. As such, defendant's request is moot.

to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant acknowledges that he has already received voluntary discovery from the Government but makes the following additional requests: (1) any statements made by defendant; (2) defendant's prior record; (3) all documents and tangible items; (4) any intercepted communications, including recordings of controlled buys; (5) any evidence derived from search or seizure; (6) notification of any identification evidence; (7) physical, mental, or scientific examination and test results; and (8) disclosure of *Jencks* material.[2]

In response, the Government states that it has fully complied with its obligations under Rule 16. The Government affirms that it has already provided defendant with substantial voluntary discovery and that it will continue to provide any additional discoverable materials that become available. The Government objects to defendant's

---

[2] Defendant's request for disclosure of *Jencks* material is addressed below.

5

discovery demands to the extent that they are moot, premature, or request material beyond the scope of the Government's discovery duties.

Based upon the representations made by the Government, and consistent with the Court's directives described above, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. See Fed. R. Crim. P. 16(c).

Defendant also moves for notice of intention to use evidence against defendant at trial pursuant to Rule 12 of the Federal Rules of Criminal Procedure. The Government has provided notice that it intends to use all items defendant has been provided with or made aware of in accordance with Rule 12(b)(4)(a). Therefore, this branch of defendant's discovery motion is also denied as moot.

### 4.   Motion to Compel Disclosure of Brady/Giglio Material

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to Brady, Giglio and their progeny.[3] (Dkt. No. 25, ¶¶ 21-28). Defendant's specific requests include (1) any information or material that tends to exonerate defendant; (2) any evidence which tends to impeach the credibility of any prospective government witness; and (3) any written or oral statements made by a person with information that may be helpful to the defense. Defendant also moves for an order requiring the Government to search its witnesses' personnel files, including but not limited to, FBI employees, to determine if Brady or Giglio material exists. (Dkt. No. 25, ¶ 35).

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request

---

[3] Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

6

has been made. *Brady,* 373 U.S. at 87. Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio,* 405 U.S. at 154-55. The Government's disclosure obligation extends only to information that is "material." *See Kyles v. Whitley,* 514 U.S. 419, 434 (1995). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill,* 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa,* 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.,* at 144.

The Government opposes defendant's motion for an order requiring a search of its witnesses' personnel files. Indeed, *Brady* does not demand an "open file" policy or give defendant the right to search through the Government's files for potentially relevant information. *United States v. Seabrook,* 16-CR-467, 2021 U.S. Dist. LEXIS 123482, at *7 (S.D.N.Y. July 1, 2021) (quoting *Kyles,* 514 U.S. at 437). "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59 (1987). However, where there is a specific reason to believe that a

7

government file contains exculpatory material, the district court may conduct an *in camera* review of the file. *Seabrook*, at *7 (citing *United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989) (remanding for *in camera* review of agent's personnel file to determine whether it contained material impeachment information)).

Here, defendant has offered no specific reason for *in camera* review of the Government's personnel files. At oral argument, the Government represented that it does routinely check for impeachment material on all Government witnesses, including through review of agents' files. Said review is normally performed prior to trial and in advance of any witness testimony. The Government further submits that it is mindful of its obligations under *Brady* and its progeny. The Government agrees to provide impeachment material prior to the commencement of trial and when the Government produces Jencks Act material. Given the Government's representations, defendant's motion to compel the production of *Brady/Giglio* material is denied. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-224, 2016 U.S. Dist. LEXIS 133400, at *10 (W.D.N.Y. Sept. 28, 2016).

5.   <u>Early Disclosure of Witness Statements and Jencks Act Material</u>

Defendant moves for early disclosure of witness names and statements prior to trial. (Dkt. No. 25, ¶ 20). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct

testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendant adequate time to prepare and, in accordance with the District Court's pre-trial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of these representations, defendant's request for early disclosure of witness statements is denied as moot.

6. *Disclosure of Informant Identities*

Defendant moves for disclosure of the identities of all informants used by the Government in the course of its investigation. (Dkt. No. 25, ¶¶ 29-33). Defendant also seeks potential impeachment material as to these individuals. (*Id.*) The Government objects to this request on the grounds that defendant has not shown a particularized need for this information.

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if

9

disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendant has not provided any specific reasons as to why informant or witness identities are material or necessary to his defense. He does not offer an explanation of what these individuals might testify about, nor does he establish its relevance to the crimes charged here. Instead, defendant makes general statements that disclosure of informant information is necessary for the preparation of his defense for trial. This is insufficient to meet the burden. If and when an informant is to be called as witnesses at trial, defendant will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendant's motion for disclosure of informant information is denied.

7.      <u>Rules 404(b), 608, 609, and 807 Evidence</u>

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 25, ¶ 34). Defendant also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609, and for disclosure of any residual exception hearsay statements pursuant to Rule 807. (*Id.*, ¶¶ 34, 38). The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 and will address same in its pre-trial memorandum to the District Court. The Government further states that, pursuant to Rule 609, it intends to impeach defendant with his own criminal, parole, or probation history should defendant elect to testify at trial. The Government indicates it will provide this information consistent with the disclosure of *Jencks Act* material. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 807 also requires "reasonable notice" of intent to offer a hearsay statement before trial. *See* Fed. R. Evid. 807(b). Rule 608 of the Federal Rules of Evidence does not contain the same pretrial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure

11

should be done in accordance with the District Court's pretrial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, 609, and 807 is left to the determination of the District Court at the time of trial.

### 8. Preservation of Rough Notes

Defendant moves for an order directing the Government to preserve all evidence and information relating to this investigation. (Dkt. No. 25, ¶¶ 36-37). The defendant further requests that the Government preserve notes made by Government witnesses, including state and local authorities, in the event they later become discoverable. (*Id.*). The Government maintains that it will endeavor to maintain these materials, should they exist. The Court grants defendant's motion and the Government is directed to preserve all rough notes and items of evidence. *See United States v. Jones*, 13-CR-193, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014) (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

### 9. Bruton Request

Defendant makes a request under *Bruton v. United States*, 391 U.S. 123 (1968) for an order requiring the Government to redact any portions of any oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 25, ¶¶ 39-41). As a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 11-CR-116, 2012 U.S. Dist. LEXIS 51862 (W.D.N.Y. April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements...[i]s better considered by the District Judge prior to trial and deferred for that

consideration"). For this reason, the Defendant's request is denied without prejudice to renew this motion before the District Court.

### 10.   Leave to File Additional Motions

Defendant also moves to preserve his right to make further and additional motions. (Dkt. No. 25, ¶ 42). To the extent defendant intends to bring motions based upon new rulings, information, or evidence, his request for leave to file additional motions is granted. To the extent defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, his request is denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

### 11.   Government's Request for Reciprocal Discovery

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. No. 28, pg. 17). The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. See Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendant's pre-trial motions (Dkt. No. 25) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 28) is granted.

**SO ORDERED.**

Dated:   October 19, 2021
         Buffalo, New York

_____
HON. MICHAEL J. ROEMER
United States Magistrate Judge